IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
U.S. DISTRICT COURT
INDIANAPOLIS DIVISION
2011 SEP -1  AM 11: 46
SOUTHERN DISTRICT
OF INDIANA
LAURA A. BRIGGS
CLERK

Ronald L. Stambaugh, )
)
   Plaintiff, )
)
v. ) No.
)
Financial Recovery Services, Inc., a )
Minnesota corporation, Resurgent ) **1:11 -cv- 1185 JMS -DKL**
Capital Services, L.P. a Delaware )
limited partnership, and LVNV Funding, )
LLC, a Delaware limited liability )
company, )
)
   Defendants. ) <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Ronald L. Stambaugh, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>etseq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) all Defendants transact business here.

### PARTIES

3. Plaintiff, Ronald L. Stambaugh ("Stambaugh"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to CitiFinancial.

4. Defendant Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant FRS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Resurgent Capital Services, L.P. ("Resurgent"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Resurgent was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Resurgent and LVNV are sister corporations. Defendant LVNV is a bad debt buyer and Defendant Resurgent manages collections of the debts that LVNV buys.

## FACTUAL ALLEGATIONS

8. On December 28, 2010, Mr. Stambaugh filed a Chapter 7 bankruptcy

petition in a matter styled In re: Stambaugh, S.D. Ind. Bankr. No. 10-18875-AJM-7. Among the debts listed on Schedule F of Mr. Stambaugh's bankruptcy petition was a debt he allegedly owed to CitiFinancial. Because LVNV had, at some point in time after the CitiFinancial debt became delinquent, purchased the debt and had Resurgent attempt to collect it, Resurgent was listed on the bankruptcy petition regarding this debt. See, excerpt of bankruptcy petition, attached as Exhibit A.

9. Accordingly, on December 29, 2010, Resurgent was sent, via electronic transmission, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines, which is attached as Exhibit B.

10. Moreover, on April 20, 2011, Mr. Stambaugh received a discharge of his debts and on April 20, 2011, Resurgent was sent, via electronic transmission, notice of the discharge by the court, see, the Certificate of Service to the Discharge of Debtor, which is attached as Exhibit C.

11. Nonetheless, despite Mr. Stambaugh's bankruptcy, Defendants called Mr. Stambaugh on or about August 12, 201, to demand payment of the CitiFinancial debt. Mr. Stambaugh advised Defendants that he filed for bankruptcy and gave Defendants his attorneys' contact information.

12. Undeterred, Defendants also sent Mr. Stambaugh a collection letter, dated August 15, 2011, which demanded payment of the CitiFinancial debt that he had owed prior to his bankruptcy. A copy of this letter is attached as attached as Exhibit D.

13. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment OfA Debt That Is Not Owed

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

17. Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA. Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

18. Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

21. Defendants were given direct, written notice, through Plaintiffs bankruptcy, and oral notice by their call with Mr. Stambaugh, that he was represented by an attorney in connection with the debt at issue. By directly calling Mr. Stambaugh and by sending him the August 15, 2011 collection letter (Exhibit D), despite notice that he was represented by bankruptcy counsel in connection with this debt, Defendants violated § 1692c(a)(2) of the FDCPA.

22. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Ronald L. Stambaugh, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Stambaugh, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Ronald L. Stambaugh, demands trial by jury.

Ronald L. Stambaugh,

By: _____
One of Plaintiff's Attorneys

Dated: September 1, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert    (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com